IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 20-102 |
| JOSEPH WASHBURN | : | |

**GOVERNMENT'S CHANGE OF PLEA MEMORANDUM**

**I.   INTRODUCTION**

Defendant Joseph Washburn was charged by the federal grand jury in a seven-count indictment with enticement of a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b) (Count One), travel to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423 (Count Two), manufacturing and attempted manufacturing of child pornography, in violation of 18 U.S.C. § 2251(a) (Counts Three to Five), transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470 (Count Six), and possession of child pornography, in violation of 18 U.S.C.§ 2252(a)(4)(B) (Count Seven).  The parties have entered into a written Guilty Plea Agreement in which the defendant will enter pleas of guilty to Counts One through Five of the Indictment, and the Government will move to dismiss Counts Six and Seven at the time of sentencing.  A change of plea hearing is scheduled for Thursday, March 18, 2021 at 10:30 a.m. A copy of the defendant's Guilty Plea Agreement is attached here as "Exhibit A."

**II.   PLEA AGREEMENT**

The parties have entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A).  In the plea agreement, the government has agreed to move to dismiss Count Six, transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470, and Count Seven, possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) at the time of

1

sentencing in exchange for the defendant's guilty plea on Counts One through Five. The parties agree that the term of imprisonment, period of supervised release, fine, and restitution amount will be determined by the Court.

### III.     ELEMENTS OF THE OFFENSES

####   A.     Count One – Enticement of a Minor to Engage in Criminal Activity

Title 18 U.S.C. Section 2422(b) provides that "whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life."

The elements of enticement of a minor to engage in sexual activity for which any person can be charged with a criminal offense, in violation of Title 18 U.S.C. § 2422(b), are:

1. The defendant did knowingly persuade, induce, entice or coerce an individual under the age of 18 to engage in unlawful sexual activity, that is, the manufacture of child pornography, in violation of 18 U.S.C. § 2251(a);

2. The defendant used a facility and means of interstate and foreign commerce, that is, the Internet, to do so; and

3. The defendant knew the individual was under the age of 18.[1]

####   B.     Count Two – Travel to Engage in Illicit Sexual Conduct

Title 18 U.S.C. Section 2423(b) provides that "a person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent

---

[1] Pattern Criminal Jury Instructions, 16.09, Coercion and Enticement: Persuading a Minor to Engage in Prostitution or Unlawful Sexual Activity, 18 U.S.C. § 2422(b) (6th Cir. 2019).

residence in the United States who travels in foreign commerce, with a motivating purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both."

The elements of traveling in interstate commerce with the intent to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b) are:

    1.    That the defendant traveled in interstate commerce; and

    2.    That the defendant did so with the intent to engage in illicit sexual conduct[2] with another person.[3]

### C. Counts Three to Five – Manufacturing and Attempted Manufacturing of Child Pornography

Title 18 U.S.C. Section 2251(a) provides that "any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, . . . , with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce . . . ."

The elements of manufacturing and attempted manufacture of child pornography in violation of 18 U.S.C. § 2251(a) are:

    1.    That the defendant employed, used, persuaded, induced, enticed, or coerced

---

[2] "Illicit sexual conduct" is defined to include a "sexual act as defined in 18 U.S.C. § 2246 with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 2423(f)(1). Chapter 109A, Section 2243 in turn, makes it a crime for a person to engage in a sex act with a person who is under the age of 16 and at least 4 years younger than the defendant.

[3] Pattern Criminal Jury Instructions, 16.11, Traveling with Intent to Engage in Illicit Sexual Conduct, 18 U.S.C. § 2423(b)) (6th Cir. 2019).

        a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

2.     The defendant knew or had reason to know that the visual depiction would be produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate commerce by any means, including computer.[4]

## IV.   MAXIMUM AND MANDATORY MINIMUM PENALTIES

As noted in the plea agreement, the Court may impose the following statutory maximum and mandatory minimum sentences: Count One, enticement of a minor to engage in sexual conduct, in violation of 18 U.S.C. § 2422(b), lifetime imprisonment, a ten year mandatory minimum term of imprisonment, a mandatory minimum five years of supervised release up to a lifetime of supervised release, a $250,000 fine, mandatory restitution of not less than $3,000 pursuant to 18 U.S.C. § 2259, forfeiture, a $100 special assessment, and, if found not to be indigent, an additional mandatory special assessment of $5,000 pursuant to 18 U.S.C. § 3014; Count Two, travel in interstate commerce to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), 30 years' imprisonment, a mandatory minimum five years of supervised release up to lifetime of supervised release, a $250,000 fine, mandatory restitution of not less than $3,000 pursuant to 18 U.S.C. § 2259, forfeiture, a $100 special assessment, and, if found not to be indigent, an additional mandatory special assessment of $5,000 pursuant to 18 U.S.C. § 3014; on each of Counts Three through Five, manufacturing and attempted manufacture of child pornography, in violation of 18 U.S.C. § 2251(a), (e), 30 years' imprisonment, a 15 year mandatory minimum term of imprisonment, a mandatory minimum five years of supervised release up to lifetime of

---

[4] Pattern Criminal Jury Instructions, 16.01, Sexual Exploitation of Children: Using a Minor to Engage in Sexually Explicit Conduct to Produce a Visual Depiction, 18 U.S.C. § 2251(a) (6th Cir. 2019).

supervised release, a $250,000 fine, mandatory restitution of not less than $3,000 pursuant to 18 U.S.C. § 2259, forfeiture, a $100 special assessment, and, if found not to be indigent, an additional mandatory special assessment of $5,000 pursuant to 18 U.S.C. § 3014, and pursuant to 18 U.S.C. § 2259A, an additional assessment of no more than $50,000.

The total maximum and mandatory minimum sentence is lifetime imprisonment, 15 years mandatory minimum imprisonment, a mandatory minimum five years supervised release up to a lifetime of supervised release, a $1,250,000 fine, mandatory restitution of a minimum of $3,000, a $500 special assessment, and if found not to be indigent, an additional mandatory special assessment of $25,000 under 18 U.S.C. § 3014, and an additional special assessment pursuant to 18 U.S.C. § 2559A of up to $150,000.

In addition, supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to five years on Count One, and by up to three years on each of Counts Two through Five. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

As a result of the defendant's conduct, the defendant will also have to register under the Sex Offender Registration and Notification Act (SORNA), a federal law, and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. In addition, independent of supervised release and the federal law requirements, the defendant will be subject to state sex offender registration requirements, and these federal and state requirements may apply throughout his life.

V.  **FACTUAL BASIS FOR THE PLEA**

At trial, the government would present the following evidence and prove the following facts:

In late 2018, the defendant, Joseph Washburn, then 20 years' old, began messaging with Minor #1 over the application, Discord.[5] The defendant knew that Minor #1 was a minor. On November 20, 2018, the two exchanged the following messages:

a. Washburn: Soooo. In Pennsylvania, age of consent is 16. Like at that age you can fuck anyone your age or older.
b. Minor #1: Yea. Ayyye 2 more years
c. Washburn: You're 14?
d. Minor #1: Yup. Next year 15.
e. Washburn: Hmmmm I will be done with my electrician apprenticeship when you're my age

The defendant and Minor #1 communicated frequently over Discord and over Instagram. Over several months, through May 2019, the defendant requested or directed Minor #1 to take sexually explicit images or videos of herself and send them to him. Minor #1 complied with his requests. For example, on December 28, 2018, the defendant and Minor #1 had the following exchange (**Counts One and Three**):

a. Washburn: Still waiting to see some more of your buns
* * *
b. Washburn: Spread them cheeks and go to work
* * *
c. Washburn: Maybe you can spread your cheeks and show me your starfruit
* * *
d. Minor #1: Ok honey bun. I send it then. Its made be a little dark tho. Oooof [H.O. transmits image of a female spreading her butt to display her genital area]
* * *
e. Washburn: It is dark

---

[5] Discord is an application designed for video gaming communities, that specializes in text, image, video, and audio communication between users in a chat channel.

|   |   |   |
|---|---|---|
| f. | Minor #1: | Yea |
| g. | Washburn: | But I like the view |

On January 17, 2019, the defendant directed Minor #1 as follows (**Counts One and Four**):

|   |   |   |
|---|---|---|
| a. | Washburn: | im gonna do a round then sleep |
| b. | Minor #1: | Okie dokie honey bun |
| c. | Washburn: | wanna send something to help |
| d. | Minor #1: | Mmmmm what do you want to see |

* * *

|   |   |   |
|---|---|---|
| e. | Washburn: | Dildo in pussy? |

* * *

|   |   |   |
|---|---|---|
| f. | Minor #1: | Ima send the pics one sec |
| g. | Washburn: | ok honey. You just gotta finish now that you inserted the dildo? |
| h. | Minor #1: | WHA.  I uh.  Mmm [*H.O. transmits image of female bent over and displaying her genital area*] |
| i. | Minor #1: | Ooooof. |
| j. | Washburn: | I don't see the dildo |
| k. | Minor #1: | I didn't bring it up with me |
| l. | Washburn: | mm well that's a good view.  I plan to see it lots when I do you doggy |

Then, on February 10, 2019, the defendant asked for the following (**Counts One and Five**):

|   |   |   |
|---|---|---|
| a. | Washburn: | You were going to bed two hours ago. Whatcha doin |
| b. | Minor #1: | Listening to music and drinking hot chocolate |
| c. | Washburn: | Oh? I figured you might be getting ready to take pix or be taking them now |
| d. | Minor #1: | Yea I am thinking about what kind of pic to take |

* * *

|   |   |   |
|---|---|---|
| e. | Washburn: | Well whatever you want to send me I guess is fine |
| f. | Minor #1: | Mm |
| g. | Minor #1: | What do you want to see |
| h. | Washburn: | Your face and tits in one pic |
| i. | Minor #1: | Mmmk |
| j. | Washburn: | Dildo in pussy |
| k. | Washburn: | You know the stuff I've mentioned wanting to see then haven't seen |
| l. | Minor #1: | Mmmm |
| m. | Minor #1: | I'm gonna go take the pic |
| n. | Washburn: | Ok |
| o. | Washburn: | Can I get many pix to make me feel better after all this stuff that's happened today? |
| p. | Minor #1: | Mhm |
| a. | Washburn: | Mmm I'll list what I wanna see then |

7

|    |          |                                                                      |
|----|----------|----------------------------------------------------------------------|
| q. | Washburn: | I wanna see your booty standing up, you bent over, you spreading |
| r. | Washburn: | Your pussy normal, with dildo, then spread |
| s. | Washburn: | Your face with tits |
| t. | Washburn: | How hairy your under arms are |
| u. | Minor #1: | Mmk |

* * *

|    |          |                                                                      |
|----|----------|----------------------------------------------------------------------|
| v. | Washburn: | Oh you could show me you bent over with a dildo in you |
| w. | Minor #1: | [H.O. transmits two images of her sitting and spreading her legs to display her vagina] |

Over the course of their messaging, the defendant also transmitted sexually explicit images of himself to Minor #1. By March 2019, the defendant's requests for sexually explicit images and videos of Minor #1 became more frequent and intense. In one exchange on April 12, 2019, the defendant told Minor #1, that she must be "fucking retarded" when she failed to send the defendant images fast enough. And by May 2019, the defendant began threatening to expose the sexually explicit images and videos that Minor #1 had sent to him because the defendant perceived Minor #1 was flirting with a male friend. The defendant went so far as to contact a friend of Minor #1's on Instagram and write, "She and I are gonna be together for a long time and if not I've got a lot of stuff she's sent me to send to everyone she knows, mail physical copies to her family too."

Beginning in at least January 2019, the defendant discussed his plans to travel from his residence in Virginia to Philadelphia to have sex with Minor #1. On May 24, 2019, the defendant followed through with his plans and traveled from his home in Midlothian, VA to Philadelphia via Greyhound Bus with a return ticket dated May 27, 2019. The defendant messaged Minor #1 letting her know that he was "[o]n the bus," and had "a surprise when we meet if we find a place to stay." Once he arrived, the defendant checked into the Hub Motel at 7605 Roosevelt Boulevard in Philadelphia. The defendant met Minor #1 at a coffee shop and together, they returned to the defendant's hotel room. There, the defendant, then 21 years' old, had sex with the still 14-year-

old, Minor #1 (**Count Two**). Shortly after, in response to Minor #1's mother's concern that her daughter had not returned home after school, officers with the Philadelphia Police Department ("PPD") knocked on the door of the defendant's hotel room, identified Minor #1, and arrested the defendant.

The next day, officers with the PPD executed a search warrant of the defendant's hotel room and located, among other things, a registration card in the defendant's name, a greyhound bus ticket in the defendant's name, black zip ties, gray duct tape, two pocket knives, condoms, adult diapers, and petroleum jelly.

The government would also present evidence that it reviewed the contents of the defendant's Apple iPhone, model A1633, serial number: BCG-E2946A pursuant to a search warrant and located conversations with Minor #1 and dozens of sexually explicit images and videos of Minor #1.

Finally, the government would also present evidence that while the defendant and Minor #1 were in contact, they were physically located in different states until the defendant traveled across state lines to meet with and have sex with the minor victim. The government would also present evidence that the defendant used the Internet, his cell phone, and cell phone service provider to communicate with the minor victim, and that the equipment he committed the charged offenses with were manufactured outside of the Commonwealth of Pennsylvania.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, the government respectfully requests that the Court accept the defendant's plea of guilty to Counts One through Five of the Indictment.

                                      Respectfully Submitted,

                                      JENNIFER WILLIAMS
                                      United States Attorney

                                      */s/ Alexandra M. Lastowski*
                                      ALEXANDRA M. LASTOWSKI
                                      Assistant United States Attorney

Dated: March 16, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Change of Plea Memorandum has been served on this date upon the following by electronic mail:

Fortunato Perri, Esquire
fperri@mpmpc.com
*Counsel for Defendant Joseph Washburn*


   */s/ Alexandra M. Lastowski*
ALEXANDRA M. LASTOWSKI
Assistant United States Attorney


Dated: March 16, 2021